NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**


Argued May 21, 2013
Decided July 19, 2013

**Before**

RICHARD A. POSNER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*


No. 13-1303

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District Court for the Western District of Wisconsin |
| *Plaintiff-Appellee*, | |
| *v.* | No. 12-CR-00031 |
| JOE A. CRUZ | **Barbara B. Crabb**, *Judge*. |
| *Defendant-Appellant*. | |


**O R D E R**

Joe Angel Cruz pleaded guilty to a drug-related conspiracy charge, and the district court determined that Cruz should be sentenced as a career offender under the Sentencing Guidelines because of his criminal record.  Cruz argued that the Sentencing Commission lacked the authority to promulgate the guidelines classifying him as a career offender, but the district court rejected Cruz's argument and sentenced him as a career offender.  Cruz appeals his sentence, and we affirm.

# I.

Cruz was distributing cocaine with his fiancée when a confidential informant told local government officials about Cruz's drug activities. To gather more evidence against Cruz and his fiancée, officials arranged a series of controlled drug buys that occurred from February 25 to December 17, 2010. On March 7, 2012, the government indicted Cruz on seven drug-related counts. Count 1 charged Cruz with violating 21 U.S.C. § 846 (conspiracy to possess with intent to distribute cocaine and conspiracy to distribute cocaine in violation of § 841(a)(1)), and Counts 2–7 charged Cruz with violating 21 U.S.C. § 841(a)(1) (distribution of cocaine). Cruz pleaded guilty to Count 1 on November 16, 2012, and the case proceeded to Cruz's sentencing.

The Presentence Investigation Report recommended that Cruz be classified as a career offender based on U.S.S.G. § 4B1.1 because he had three prior felony convictions: substantial battery intending bodily harm, possession with intent to distribute marijuana, and delivery of marijuana. Because Cruz was classified as a career offender, the Sentencing Guidelines set Cruz's offense level at 32, which was then adjusted downward to 29 because Cruz accepted responsibility pursuant to U.S.S.G. § 3E1.1. With an offense level of 29 and a criminal history category of VI, the Sentencing Guidelines recommended a sentencing range of 151 to 188 months in prison.[1]

Cruz filed a memorandum objecting to his classification as a career offender. He argued that the Sentencing Commission lacked the authority from Congress to classify him as a career offender for violating § 846. He based this argument on 28 U.S.C. § 994(h), which authorizes the Sentencing Commission to promulgate career offender guidelines, but the

---

[1] The Presentence Investigation Report used the November 2012 Sentencing Guidelines manual to calculate the advisory guidelines range as required by our decision in *United States v. Demaree*, 459 F.3d 791, 795 (7th Cir. 2006). But after Cruz's case was taken under advisement, the Supreme Court released *Peugh v. United States*, 133 S. Ct. 2072 (2013), which abrogated *Demaree*. *Peugh* held that the Ex Post Facto Clause is violated "when a defendant is sentenced under Guidelines promulgated after he committed his criminal acts and the new version provides a higher applicable Guidelines sentencing range than the version in place at the time of the offense." *Id.* at 2078. No Ex Post Facto Clause issues are present in this case, however, because the relevant portions of the November 2012 Sentencing Guidelines do not provide a higher applicable sentencing range than the November 2009 and November 2010 Sentencing Guidelines.

statute only mentions defendants sentenced for "a crime of violence" or "an offense described in [21 U.S.C. § 841; 21 U.S.C. §§ 952(a), 955, and 959; and 46 U.S.C. § 70503]." § 994(h)(1). Cruz claims that Congress did not mention § 846 in § 994(h) because it intended that only "international drug traffickers" be classified as career offenders, and not mere "street-level dealers." Cruz had only pleaded guilty to violating § 846, which is not a crime of violence and is not listed in § 994. Therefore, Cruz argued that he should not be classified as a career offender, but should instead have an offense level of 17 with a criminal history category of VI, which would result in a sentencing range of 51 to 63 months.

On January 29, 2013, the district court rejected Cruz's argument and observed that Cruz's prior criminal actions "make him a real danger to the community and probably that's what the Sentencing Commission had in mind when they were looking at criminal history categories." The district court therefore sentenced Cruz as a career offender to 151 months in prison, followed by three years of supervised release. On the government's motion, the court also dismissed Counts 2–7 of the indictment. Cruz then filed a timely notice of appeal.

## II.

As in the district court, Cruz argues on appeal that the Sentencing Commission lacks the authority to promulgate guidelines that treat defendants pleading guilty under § 846 as career offenders. We review the legal interpretation of the Sentencing Guidelines and relevant statutes de novo. *United States v. Eubanks*, 593 F.3d 645, 649 (7th Cir. 2010).

Congress gave the Sentencing Commission broad powers to "promulgate and distribute" guidelines and general policy statements about criminal sentencing. 28 U.S.C. § 994(a). As a result, the Supreme Court has recognized that Congress delegated "significant discretion" to the Sentencing Commission to formulate guidelines. *Mistretta v. United States*, 488 U.S. 361, 369-70, 377-78 (1989). The Sentencing Commission's discretion, however, is still subordinate to the Constitution and congressional statutes. *See Stinson v. United States*, 508 U.S. 36, 38 (1993) (holding that commentary to the Sentencing Guidelines "is authoritative unless it violates the Constitution or a federal statute").

Section 994(h) requires the Sentencing Commission to promulgate career offender guidelines for defendants sentenced for "a crime of violence" or "an offense described in [21 U.S.C. § 841; 21 U.S.C. §§ 952(a), 955, and 959; and 46 U.S.C. § 70503]." § 994(h)(1). As Cruz points out, § 994(h) does not require the Sentencing Commission to promulgate career offender guidelines for defendants sentenced under § 846. Nonetheless, the Sentencing Commission has decided that its career offender guidelines also apply to defendants who

are to be sentenced with "aiding and abetting, conspiring, and attempting to commit" the offenses listed in § 994(h). U.S.S.G. § 4B1.2 cmt. n.1.

We have upheld the Sentencing Commission's exercise of discretion on this issue because "the Sentencing Commission had the authority to include conspiracy as an offense subject to treatment by the career offender provisions pursuant to its general authority under § 994(a)." *United States v. Damerville*, 27 F.3d 254, 257 (7th Cir. 1994). Section 846 criminalizes a conspiracy to violate § 841, which is mentioned in § 994(h), and we have therefore held that defendants sentenced for violating § 846 can be classified as career offenders. *Id.* at 256-58. We have not required the Sentencing Commission to distinguish between "international drug traffickers" and "street-level dealers," but have instead recognized that Congress and the Sentencing Commission were concerned about addressing recidivism generally. *See id.* at 257.

Cruz urges us to reconsider our ruling in *Damerville* in light of the Supreme Court's decision in *United States v. LaBonte*, 520 U.S. 751 (1997). *LaBonte* addressed the Sentencing Commission's definition of the term "offense statutory maximum" as used in the Sentencing Guidelines. *Id.* at 753-55. The Supreme Court struck down the Sentencing Commission's definition in *LaBonte* because the definition violated a specific congressional directive and the Sentencing Commission's discretion "must bow to the specific directives of Congress." *Id.* at 757-62. But *LaBonte* does not affect our ruling in *Damerville* because we have ruled that the Sentencing Commission was acting pursuant to its general authority, and was not contradicting a specific directive of Congress in the process. *See Damerville*, 27 F.3d at 256-58.

Additionally, we have already upheld our ruling in *Damerville* after the Supreme Court issued *LaBonte*. *United States v. Knox*, 573 F.3d 441 (7th Cir. 2009). In *Knox,* we again examined whether defendants charged under § 846 could be treated as career offenders under U.S.S.G. § 4B1.1, and we observed that "[c]ourts have repeatedly recognized that this exercise of the Commission's authority under § 994 was valid." *Id.* at 449. For this reason, we favorably cited *Damerville* multiple times in *Knox*. *Id.*

### III.

Because we see no reason to overturn *Damerville*, we continue to hold that the Sentencing Commission is allowed to promulgate guidelines classifying defendants who violate § 846 as career offenders. Cruz pleaded guilty to violating § 846, and the district court properly applied the Sentencing Guidelines. We therefore AFFIRM Cruz's sentence.